# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TENNESSEE HOME CENTER, LLC, | ) | CASE NO. 104-04049 |
| | ) | |
| Debtor. | ) | CHAPTER 7 |
| | ) | |
| | ) | JUDGE MARIAN F. HARRISON |
| | ) | |
| ABN AMRO MORTGAGE GROUP, INC., | ) | ADV. NO. 106-0117A |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EVA M. LEMEH, TRUSTEE, | ) | |
| | ) | |
| Defendant/Counter-Claimant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TENNESSEE HOME CENTER, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

___

## MEMORANDUM OPINION
___

This matter is before the Court upon cross-motions for summary judgment filed by the plaintiff and the Trustee. For the following reasons, the Court finds that the plaintiff's

motion for summary judgment should be denied and that the Trustee's motion for summary judgment should be granted.

## I. UNDISPUTED FACTS

1. The plaintiff, ABN AMRO Mortgage Group, Inc., is a corporation organized under the laws of the state of Delaware, whose main office is located at 2600 W. Big Beaver Road, Troy, Michigan 48084. The plaintiff makes mortgage loans in the ordinary course of its business.

2. Eva Marie Lemeh is the duly-appointed Trustee for the bankruptcy estate of the debtor, a limited liability company organized under the laws of Tennessee with its principal place of business at 786 Highway 100, Centerville, Tennessee 37033.

3. B & C Lyles is or was a partnership composed of Jeffrey C. Baker (hereinafter "Baker") and Howard L. Caughron (hereinafter "Caughron"). Baker is now deceased.

4. On July 23, 2002, B & C Lyles executed and delivered a Deed (hereinafter "July Deed") conveying or purporting to convey certain real property having the address of 5015 Highway 100, Lyles, Tennessee 37098 (hereinafter "Property") to the debtor. The July Deed was recorded on July 24, 2002.

5. The July Deed was signed as follows:

2 - U.S. Bankruptcy Court, M.D. Tenn.

B & C LYLES, A PARTNERSHIP

    [Signature of Howard Caughron]
HOWARD CAUGHRON, Partner

    [Signature of Jeffery K. Baker]
JEFFERY K. BAKER, Partner

The acknowledgment on the July Deed contained no language indicating that either partner had the authority to sign for the partnership.

6. On or around August 21, 2002, B & C Lyles executed and delivered another Warranty Deed (hereinafter "August Deed") conveying or purporting to convey the Property to Harold Welch (hereinafter "Welch") and Richard Best (hereinafter "Best"). The August Deed did contain an acknowledgment indicating that Baker had authority to sign for B & C Lyles. The August Deed was recorded on November 1, 2002.

7. On August 22, 2002, Welch and Best executed and delivered a Deed of Trust on the Property to Mark B. Leedom as Trustee in favor of the plaintiff to secure a $98,800 loan from the plaintiff to Welch and Best. This Deed of Trust was recorded on November 1, 2002.

8. Welch and Best subsequently defaulted on their loan from the plaintiff. On August 14, 2003, the Substitute Trustee under the Deed of Trust foreclosed thereunder. The plaintiff purchased the Property or such interest therein as the Substitute Trustee was

3 - U.S. Bankruptcy Court, M.D. Tenn.

empowered to convey at the foreclosure sale for $28,900. The plaintiff having assigned the loan secured thereby to the Federal Home Loan Mortgage Corporation (hereinafter "Freddie Mac"), the Substitute Trustee conveyed the same to Freddie Mac.

9. Baker, the debtor's principal, was also a partner of B & C Lyles. Caughron was the other partner of B & C Lyles but did not own any interest in the debtor.

10. On April 1, 2004, the debtor filed a voluntary petition under Chapter 11.

11. On December 7, 2004, the debtor's case was converted to a Chapter 7 proceeding. Eva Marie Lemeh was appointed Interim Trustee.

12. On or around March 5, 2004, the plaintiff repurchased the loan and any interest in the Property which may have been acquired through foreclosure from Freddie Mac. However, a deed to the Property from Freddie Mac to the plaintiff has not yet been recorded.

## II. ISSUES

1. Whether the July Deed is void because it lacks an acknowledgment showing the partners' authority to sign on behalf of B & C Lyles?

2. Whether the Trustee's priority status is destroyed because the August Deed would have prevented a hypothetical purchaser from the debtor on the petition date from being a bona fide purchaser?

3. Whether a constructive trust should be imposed because of fraud or mistake?

## III. SUMMARY JUDGMENT STANDARDS

Federal Rule of Civil Procedure 56(c), as incorporated by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and/or discovery materials which demonstrate that there is no genuine disputed issue of material fact. ***Celotex Corp. v. Catrett***, 477 U.S. 317, 323 (1986). Once the moving party meets that initial burden, the burden is shifted to the nonmoving party to go beyond the pleadings and by affidavits, depositions, answers to interrogatories, and/or admissions, designate specific facts showing that a genuine issue of fact does remain for trial. ***Id.; see also Klepper v. First***

*Am. Bank*, 916 F.2d 337, 342 (6th Cir. 1990) (nonmoving party "must show sufficient evidence to create a genuine issue of material fact" to prevail).

## IV. ACKNOWLEDGMENT UNDER TENNESSEE LAW

The plaintiff asserts that the first Deed, recorded on July 24, 2002, was not properly acknowledged as required by T.C.A. § 66-26-103. Specifically, the plaintiff contends that the acknowledgment is insufficient because it does not include an express recital of authorization.

In response, the Trustee submits that the lack of a separate statement of authority does not make the acknowledgments defective because there was no question of identity (both partners signed the deed) or of the capacity in which they signed (the signature lines contained the notation "Partner"). The Court agrees.

"The acknowledgment . . . is the formal statement of the person signing the document that his [or her] signature was freely done." *Limor v. Fleet Mortgage Group (In re Marsh)*, 12 S.W.3d 449, 453 (Tenn. 2000) (quotation marks omitted). A deed of trust must be registered and acknowledged to be valid under Tennessee law. T.C.A. § 66-26-103 ("[a]ny instruments not so proved, or acknowledged and registered, or noted for registration, shall

be null and void as to existing or subsequent creditors of, or bona fide purchasers from, the makers without notice.").[1]

There are statutory forms that fulfill the acknowledgment requirement. *See* T.C.A. §§ 66-22-107 (individuals), -108 (corporations and partnerships), and -114 (agency relationships). However, failure to use the appropriate statutory form does not automatically invalidate an acknowledgment. Under Tennessee law, a defective acknowledgment is forgiven if it complies in either "substance" or "intent" with the requirement. The "intent" savings statute, T.C.A. § 66-22-114(b), reads:

> Any certificate clearly evidencing intent to authenticate, acknowledge or verify a document shall constitute a valid certificate of acknowledgment for purposes of this chapter and for any other purpose for which such certificate may be used under the law. It is the legislative intent that no specific form or wording be required in such certificate and that the ownership of property, or the determination of any other right or obligation, shall not be affected by the inclusion or omission of any specific words.

In addition, T.C.A. § 66-26-113 provides:

> The unintentional omission by the clerk or other officer of any words in a certificate of an acknowledgment, or probate of any deed or other instrument, shall in nowise vitiate the validity of the deed . . . but the same shall be good

---

[1] As noted by the parties, this statutory provision was amended in 2005, however, the new law is inapplicable to this case.

Case 1:06-ap-00117    Doc 27    Filed 09/29/06    Entered 09/29/06 15:06:47    Desc Main
Document      Page 7 of 13

and valid to all intents and purposes, if the substance of the authentication required by law is in the certificate.[2]

Collectively, these statutes allow an acknowledgment that is otherwise defective to be valid as long as it complies in either substance or intent. ***Gregory v. Ocwen Fed. Bank (In re Biggs)***, 377 F.3d 515, 518 (6th Cir. 2004). The substantial compliance test addresses "unintentional omissions of words by the officer taking an acknowledgment," and the intent test addresses "the intent of the person signing a document to properly acknowledge his or her signature." ***In re Akins,*** 87 S.W.3d 488, 493 (Tenn. 2002).

In the present case, the "defect" in the acknowledgment is the lack of a separate statement of authority. In arguing that this omission is fatal, the plaintiff relies on ***David Leonard Assocs., P.C. v. Airport-81 Nursing Care, Inc. (In re Airport-81 Nursing Care, Inc.)***, 29 B.R. 501 (Bankr. E.D. Tenn. 1983), where the court held that the failure to include a recital of authorization to execute the deed acknowledged on behalf of a corporation was deficient and failed to substantially comply with the statutory requirements. ***Id.*** at 507.

This Court finds that the distinction between corporations and partnerships makes the opinion in ***David Leonard Associates*** inapplicable to the present case. Unlike corporations,

---

[2]This statutory provision was also amended in 2005, however, the new law is inapplicable to this case.

under Tennessee law, a partner is authorized to bind the partnership without a specific grant of authority:

> Each partner is an agent of the partnership for the purpose of its business. An act of a partner, including the execution of an instrument in the partnership name, for apparently carrying on in the ordinary course the partnership business or business of the kind carried on by the partnership binds the partnership, unless the partner had no authority to act for the partnership in the particular matter and the person with whom the partner was dealing knew or had received a notification that the partner lacked authority.

T.C.A. §61-1-301(1).

Here, the two acknowledgments of the July Deed, one for the signature of Caughron and the other for the signature of Baker, refer to each individual as a "partner of B & C Lyles," and both identify the signing party as "known to me or proved to me." Moreover, while the acknowledgments do not specifically state that each partner has authority to bind the partnership, such is not necessary under Tennessee law. *Id.*

Thus, the signature of either partner would have been sufficient, and there was no need for a separate statement of authority in the acknowledgments for the July Deed in order to bind the partnership. The acknowledgments clearly identified the parties signing the July Deed as partners, and this is sufficient under Tennessee law to make the acknowledgments valid. The Trustee is entitled to summary judgment on this issue.

## V. BONA FIDE PURCHASER STATUS

9 - U.S. Bankruptcy Court, M.D. Tenn.

The plaintiff asserts that even if the July Deed was properly acknowledged, the Trustee cannot claim the rights of a hypothetical bona fide purchaser under 11 U.S.C. § 544(a)(3) because a hypothetical bona fide purchaser of the Property from the debtor as of the petition date would have been on notice of the August Deed and of the plaintiff's mortgage, and such notice would have precluded the purchaser from having bona fide purchaser status. The Trustee contends that whether she has the status of a bona fide purchaser is irrelevant because it was the August Deed, rather than the July Deed, that was outside the chain of title.

Pursuant to 11 U.S.C. § 541(1), property of the bankruptcy estate is "all legal or equitable interests of the debtor in property as of the commencement of the case." The trustee, stepping into the shoes of the debtor, "succeeds to no greater interest in an asset than that held by the debtor at the time the bankruptcy petition is filed." *Anderson County Bank v. Newton (In re All Chem. Isotope Enrichment, Inc.),* 127 B.R. 829, 837 (Bankr. E.D. Tenn. 1991) (citation omitted).

In the present case, there was no defect in the debtor's chain of title. The debtor received the July Deed from B & C Lyles, the July Deed was properly recorded, and there were no further transfers to or from the debtor relating to this Property. The only possible defect was in the title given to Welch and Best. When B & C Lyles executed the Warranty Deed to Welch and Best, on August 21, 2002, the Register's Office already had a public

10 - U.S. Bankruptcy Court, M.D. Tenn.

record of a prior deed conveying the same property (from the same transferor) to the debtor. That deed had been executed on July 23, 2002, and recorded on July 24, 2002. Thus, Welch and Best (and any mortgagee) had constructive knowledge of the prior conveyance and were on notice that B & C Lyles did not own the property and had no title to convey. Welch and Best could not have acquired any interest in the property through the August Deed because the debtor, the record owner of the property, was not involved in the transaction. Welch and Best could only obtain B & C Lyles' interest at the time of the deed, and B & C Lyles' interest had already been transferred to the debtor.

Accordingly, the Trustee is entitled to summary judgment on this issue.

## VI. **CONSTRUCTIVE TRUST**

Finally, the plaintiff asserts that a constructive trust should be imposed because the July Deed was the product of either mistake or fraud. In response, the Trustee points out that in bankruptcy, constructive trusts are only recognized where a state court, pre-petition, has already imposed a constructive trust. The Trustee is correct in arguing that the Sixth Circuit has severely limited the recognition of constructive trusts in bankruptcy.

In *XL/Datacomp, Inc. v. Wilson (In re Omegas Group, Inc.),* 16 F.3d 1443 (6th Cir. 1994), the Sixth Circuit stated unequivocally that "[c]onstructive trusts are anathema to the equities of bankruptcy since they take from the estate." *Id*. at 1452. In *Omegas Group*, the

11 - U.S. Bankruptcy Court, M.D. Tenn.

creditor sought to elevate its position in the bankruptcy by asserting a constructive trust in the funds it gave the debtor. The Court rejected this attempt, articulating two types of situations where a constructive trust should be recognized in bankruptcy:

> Unless a court has already impressed a constructive trust upon certain assets or a legislature has created a specific statutory right to have particular kinds of funds held as if in trust, the claimant cannot properly represent to the bankruptcy court that he was, at the time of the commencement of the case, a beneficiary of a constructive trust held by the debtor.

*Id.* at 1449. *See also Poss v. Morris (In re Morris),* 260 F.3d 654, 666 (6th Cir. 2001); *Kitchen v. Boyd (In re Newpower)*, 233 F.3d 922, 936 (6th Cir. 2000). Neither condition articulated in *Omegas Group* is present in this case.

Pursuant to Sixth Circuit law, this remedy is unavailable to the plaintiff. Accordingly, the Trustee is entitled to summary judgment on this issue as well.

## VII. CONCLUSION

For the reasons stated above, the Court finds that the plaintiff's motion for summary judgment should be denied and that the Trustee's motion for summary judgment should be granted.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated**

12 - U.S. Bankruptcy Court, M.D. Tenn.

**at the top of the first page.**

13 - U.S. Bankruptcy Court, M.D. Tenn.